IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 07 C 5506 |
| TALAGA SHEET METAL CO., an Illinois corporation, | ) ) ) ) | JUDGE JOAN H. LEFKOW |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR THE LIMITED PURPOSE OF ENFORCING THE TERMS OF A CONSENT DECREE AND ENTERING JUDGMENT AGAINST DEFENDANT AND <u>AGAINST RICHARD TALAGA, INDIVIDUALLY</u>**

NOW COME Plaintiffs, SHEET METAL WORKERS LOCAL 265 WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of a Consent Decree entered into between the parties and entered by this Court on December 4, 2007. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans, collectively known as the Sheet Metal Workers Local 265 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with the Sheet Metal Workers Local Union No. 265 and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to timely remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds.

The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On December 4, 2007, a Consent Decree incorporating the terms for settlement agreed to by the parties was entered by this Court (a copy of the Consent Decree is attached hereto).

3. Defendant acknowledged and agreed that it owed the total amount of $24,649.88 for liquidated damages for the time period April 2004, September 2004, October 2004, February 2005, March 2005, April 2005, December 2005, and March 2006 through July 2007, as described in Paragraph 5 of the Consent Decree.

4. Defendant acknowledged and agreed that it owed the total amount of $450.00 for attorneys' fees and $397.00 for court costs, for a total of $847.00.

5. Defendant, Talaga Sheet Metal Co., and its owner, Richard Talaga, in his individual capacity, agreed to pay to Plaintiffs a total of $25,496.88, as specified in Paragraphs 3 and 4 above, according to the following payment schedule:

| Date Due | Amount Due |
|---|---|
| November 10, 2007 | $1,000.00 |
| December 10, 2007 | $1,000.00 |
| January 10, 2008 | $1,000.00 |
| February 10, 2008 | $1,500.00 |
| March 10, 2008 | $1,500.00 |
| April 10, 2008 | $1,500.00 |
| May 10, 2008 | $2,000.00 |
| June 10, 2008 | $2,000.00 |
| July 10, 2008 | $2,000.00 |
| August 10, 2008 | $2,600.00 |

| | |
|---|---|
| September 10, 2008 | $2,600.00 |
| October 10, 2008 | $2,600.00 |
| November 10, 2008 | $2,600.00 |
| December 10, 2008 | $2,596.88 |

6. Defendant, Talaga Sheet Metal Co., and its owner, Richard Talaga, in his individual capacity, also agreed to remain current with respect to the submission of monthly reports and payment of fringe benefit contributions that accrue throughout the period of the payment schedule.

7. In the event that Defendant, Talaga Sheet Metal Co., fails to timely submit the payments as agreed in Paragraph 7 of the Consent Decree, or fails to submit current reports and contributions as they become due during the pendency of the payment schedule, Defendant, Talaga Sheet Metal Co., and Richard Talaga, in his individual capacity, agree that they shall be considered in violation of this Consent Decree. In such event, Talaga Sheet Metal Co. and Richard Talaga consent to the entry of judgment against Talaga Sheet Metal Co. and Richard Talaga, in his individual capacity, for all unpaid installments under the Consent Decree, all contributions due according to subsequently submitted reports, and all of the Funds' reasonable attorneys' fees and costs incurred to date.

8. Defendant has not submitted the 10th through 13th installment payments due pursuant to the terms of the Consent Decree, said payments being due on September 10, 2008, October 10, 2008, November 10, 2008 and December 2008, as described in Paragraph 5 above.

9. Defendant has failed to timely submit its September 2008 fringe benefit contribution report and timely remit payment of the contributions due thereon. Accordingly, Plaintiffs have

3

assessed liquidated damages in the amount of ten (10%) percent of all contributions due for September 2008 in the amount of $659.56.

10. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Consent Decree and entering judgment against Defendant, Talaga Sheet Metal Co., and its owner, Richard Talaga, in his individual capacity. Specifically, Plaintiffs request:

A. That judgment be entered in favor of Plaintiffs and against Defendant, Talaga Sheet Metal Co., and its owner, Richard Talaga, in his individual capacity, to include the amount of $10,396.88, being the total amount remaining due for liquidated damages, attorneys' fees and costs for the time period April 2004, September 2004, October 2004, February 2005, March 2005, April 2005, December 2005, and March 2006 through July 2007.

B. That judgment be entered in favor of Plaintiffs and against Defendant, Talaga Sheet Metal Co., and its owner, Richard Talaga, in his individual capacity, to include the amount of 659.56 for liquidated damages incurred for the late payment of its September 2008 contributions.

C. That judgment be entered in favor of Plaintiffs and against Defendant, Talaga Sheet Metal Co., and its owner, Richard Talaga, in his individual capacity, to include an additional $603.75 in attorneys' fees incurred by the Plaintiffs since November 30, 2007, including preparation and presentment of their Motion to Reopen.

D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Beverly P. Alfon

Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com
I:\265J\Talaga Sheet Metal\motion to reopen & enter judgment.bpa.df.wpd

# CERTIFICATE OF SERVICE

  The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion) with the Clerk of Court using the CM/ECF system, and further certifies that I have served the above-referenced document by facsimile to the following non-CM/ECF participants on or before the hour of 4:00 p.m. this 12th day of December 2008:

    Mr. Richard Talaga, President
    Talaga Sheet Metal Co.
    18642 N.W. Frontage Rd.
    Joliet, IL  60431-9655
    815-436-8792

    Mr. Richard Talaga
    307 Shady Lane
    Shorewood, IL  60431
    815-436-8792


            /s/   Beverly P. Alfon


Beverly P. Alfon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6274459
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: balfon@baumsigman.com

I:\265J\Talaga Sheet Metal\motion to reopen & enter judgment.bpa.df.wpd